### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                     **PLAINTIFF**

**V.**                       **CASE NO. 5:15-CR-50072**

**RANDALL STEWARD**                                                         **DEFENDANT**

### ORDER

Before the Court is Defendant Randall Steward's *pro se* Motion for Early Release (Doc. 60). The Court finds that no response from the Government is necessary and that the matter is ripe for consideration.

On September 23, 2016, the Court sentenced Mr. Steward to 151 months of imprisonment, five years of supervised release, a $100.00 special assessment, and a $2,400.00 fine for the crime of sex trafficking of a minor. Mr. Steward's Motion filed today advises the Court that his case manager at the Bureau of Prisons requested that Mr. Steward be placed in a halfway house back in January, but all facilities were either full or could not accept him for whatever reason. Mr. Steward now asks for the Court's help in granting early release or sentencing him to serve the remainder of his sentence in home confinement. His Motion also details the many accomplishments he has achieved while in prison, including successfully completing his G.E.D., staying clear of drugs, disassociating from all gang affiliations, maintaining two jobs, and receiving certifications in HVAC and safe food handling.

The Court commends Mr. Steward on the positive steps he has made in prison to better his life and encourages him to continue on his path of sobriety, health, and productivity. Unfortunately, however, the Court is without authority to grant him the relief he seeks for two reasons.

First, post-conviction rehabilitation does not provide sufficient grounds for compassionate early release. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."); U.S.S.G. § 1B1.13 cmt. n.3 ("Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement."). Second, only the Bureau of Prisons can make the decision to place a prisoner on home confinement or in a residential re-entry center. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (finding, in compassionate release context, that "[b]ecause [18 U.S.C. § 3624(c)(2) and the CARES Act] give authority to place a prisoner in home confinement to the Director of the BOP, not the district court, the district court correctly held that it did not have authority to change [the prisoner's] place of imprisonment to home confinement under § 3624(c)(2)").

Moreover, even if the Court were authorized to release Mr. Steward to home confinement, it would still defer to the Bureau of Prisons, which has more closely followed his behavior and progress while incarcerated and is in a superior position to evaluate him and make the appropriate determination as to his eligibility for this program.

Finally, if the matter were properly before it, the Court would also need to consider the factors under 18 U.S.C. § 3553(a), which might not weigh in favor of early release.

**IT IS THEREFORE ORDERED** that Defendant Randall Steward's *pro se* Motion for Early Release (Doc. 60) is **DENIED**.

**IT IS SO ORDERED** on this 2nd day of April, 2025.

                                                  TIMOTHY L. BROOKS
                                                  UNITED STATES DISTRICT JUDGE